FEDER v. STEWART, HOWE & MAY CO.

(Circuit Court, S. D. New York. November 26, 1900.)

PATENTS—DESIGNS—NOVELTY.
    The Feder design patent, No. 29,350, for a design for skirt binding, is void for lack of patentable novelty in the design shown.

In Equity. Suit for infringement of patent. On final hearing.

Alan D. Kenyon, for plaintiff.
Lawrence E. Saxton, for defendant.

WHEELER, District Judge. This suit is brought upon design patent No. 29,350, dated September 13, 1898, and granted to the plaintiff, for a design for skirt binding. The specification says:

"The essential feature of my design consists in a skirt binding presenting in side elevation a head portion having the appearance of a woven fabric, an edge portion having the appearance of a brush or fringe, a portion of the

head being embellished by a change in the weave, producing a distinctive band or stripe, presenting the appearance of lines of dashes arranged in staggered order."

Vorwerk's British patent, No. 14,837, applied for August 2, 1894, and accepted August 2, 1895, for improvements in dress guards, set up by the defendant, states:

"The new dress guard may be made in different ways,—by weaving in a loom, by means of the braiding machine, or also by means of the so-called crocheting machine; and, whether made according to one or the other method, it may vary in details. The attaching strip may be carried out in plain work, or in more ornamental or fancy work. It may consist of a single strip, or two strips of different character may be worked together. But in all cases the main feature and characteristical point is that on one edge of the attaching strip or band the cross threads stand out like the threads of plush or velvet, and form, so to say, a little, soft brush."

The difference between these specifications seems to be in the appearance of lines of dashes arranged in staggered order. Such an appearance is very common in similar things. The plaintiff makes dress guards, and those of the defendant are quite similar; but the question is not whether the defendant imitates the plaintiff's goods, but whether it has taken any validly patented design belonging to him. The idea of staggering dashes on the bands of such a well-known article does not seem to be of sufficient importance, although new, to afford foundation for a patent. Smith v. Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606. Bill dismissed.